JUDGE JONES

07 CIV 8751

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC. | Civil Action No. _____ |
| Plaintiff, | |
| v. | **SUMMONS** |
| LA COCINA RESTAURANT, INC.<br>d/b/a LA COCINA RESTAURANT<br>and ROSA A. MEJIA | |
| Defendants, | |

You are hereby summoned and required to serve upon Plaintiff's attorneys whose address is: Paul J. Hooten & Associates, 5505 Nesconset Hwy., Suite 203, Mt. Sinai, New York 11766 an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

J. MICHAEL McMAHON
Clerk of Court

Deputy Clerk

DATE: OCT 10 2007

NOTE: THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Claim # 125912



07 CIV 8751

JUDGE JONES

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC. | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| LA COCINA RESTAURANT, INC. d/b/a LA COCINA RESTAURANT and ROSA A. MEJIA | |
| Defendants, | |

**SERVE ON:**

La Cocina Restaurant, Inc.
d/b/a La Cocina Restaurant
12 East Kingsbridge Road
Bronx, NY 10468

Rosa A. Mejia
12 East Kingsbridge Road
Bronx, NY 10468



OCT 10 2007
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff, Garden City Boxing Club, Inc., by and through its undersigned counsel, Paul J. Hooten & Associates, complains of the defendants, La Cocina Restaurant, Inc. d/b/a La Cocina Restaurant and Rosa A. Mejia, alleges as follows:

### Jurisdiction

    1.    This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C. §§ 605 and 553.

    2.    Jurisdiction in this Court is proper under 28 U.S.C. §1331 and 47 U.S.C. §§ 605 and 553.

    3.    Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this



district.

### Parties

4. At all times hereinafter mentioned, plaintiff, Garden City Boxing Club, Inc., was and is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in San Jose, California.

5. Upon information and belief the defendant, La Cocina Restaurant, Inc.. is a corporation duly organized under the laws of the State of New York, and authorized to transacting business as "La Cocina Restaurant" from its principal place of business located at 12 East Kingsbridge Road, Bronx, New York.

6. Upon information and belief, at all times hereinafter mentioned, defendant Rosa A. Mejia is the owners of La Cocina Restaurant, Inc. d/b/a La Cocina Restaurant.

7. Defendants La Cocina Restaurant, Inc. d/b/a La Cocina Restaurant and Rosa A. Mejia are hereinafter collectively referred to as "Defendants."

### Preliminary Background

8. Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the November 27, 2004 boxing match between Erik Morales and Marco Antonio Barrera III including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York and other geographic locales (the "License Agreement").  Plaintiff paid substantial fees for its exclusive rights to exhibit the Event under the License Agreement.

9. Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout the New York area.

3

10. The closed-circuit broadcast of the Event was not intended for the use of the general public. In New York, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by Garden City Boxing Club, Inc.

11. Pursuant to the License Agreement, Garden City Boxing Club, Inc. marketed and distributed the closed-circuit rights granted to it. Garden City Boxing Club, Inc. contracted with various establishments throughout New York and granted to such establishments the right to broadcast the Event in exchange for a fee.

12. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

13. The transmission of the Event was available to the defendants to purchase for broadcast in La Cocina Restaurant, Inc. d/b/a La Cocina Restaurant. Had they done so, they would have been authorized to receive, transmit and publish the Event in La Cocina Restaurant, Inc. d/b/a La Cocina Restaurant. Defendants did not, however, contract with Garden City Boxing Club, Inc. to obtain the rights to broadcast the Event.

14. The establishments which contracted with Garden City Boxing Club, Inc. to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

15. On November 27, 2004, in violation of Garden City Boxing Club, Inc. rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published

4



said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within La Cocina Restaurant, Inc. d/b/a La Cocina Restaurant.

16. The Defendants misappropriated Garden City Boxing Club, Inc. licensed exhibition of the Event and infringed upon Garden City Boxing Club, Inc. exclusive rights while avoiding proper payment to Garden City Boxing Club, Inc. Defendants' purpose and express intent in committing their unlawful actions was to secure a financial gain and commercial advantage.

17. The Defendants enabled the patrons within La Cocina Restaurant, Inc. d/b/a La Cocina Restaurant to view the Event to which neither the Defendants nor the patrons were entitled.

18. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Garden City Boxing Club, Inc..

19. The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

20. Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to Garden City Boxing Club, Inc..

## COUNT I
## VIOLATION OF 47 U.S.C. §605

21. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 19 of the Complaint.

22. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein